UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ANA MARIA ARANDA,                    )        NO. CV 12-3639 AGR
                                     )
          Plaintiff,                 )
                                     )
     v.                              )
                                     )        MEMORANDUM OPINION AND
MICHAEL J. ASTRUE,                   )        ORDER
Commissioner of Social Security,     )
                                     )
          Defendant.                 )
                                     )

          Ana Maria Aranda filed this action on May 2, 2012.  Pursuant to 28 U.S.C.

§ 636(c), the parties consented to proceed before the magistrate judge on May

31, 2012.  (Dkt. Nos. 9, 10.)  On February 19, 2013, the parties filed a Joint

Stipulation ("JS") that addressed the disputed issues.  The court has taken the

matter under submission without oral argument.

          Having reviewed the entire file, the court reverses the decision of the

Commissioner and remands for further proceedings consistent with this opinion.

**I.**

## PROCEDURAL BACKGROUND

On April 9, 2010, Aranda filed an application for disability insurance benefits and alleged a disability onset date of July 11, 2008.  Administrative Record ("AR") 25.  The application was denied initially and upon reconsideration.  AR 56-57.  Aranda requested a hearing before an Administrative Law Judge ("ALJ").  On July 29, 2011, the ALJ conducted a hearing at which Aranda and a vocational expert testified.  AR 35-55.  On August 26, 2011, the ALJ issued a decision denying benefits.  AR 19-31.  On February 28, 2012, the Appeals Council denied the request for review.  AR 1-5.  This action followed.

**II.**

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to deny benefits.  The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards.  *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion."  *Moncada*, 60 F.3d at 523.  In determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence.  *Drouin*, 966 F.2d at 1257.  When the evidence is susceptible to more than one rational interpretation, the Court must defer to the Commissioner's decision.  *Moncada*, 60 F.3d at 523.

2

### III.

### DISCUSSION

#### A.    Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

#### B.    The ALJ's Findings

The ALJ found that Aranda meets the insured status requirements through December 31, 2013.  AR 27.  Aranda has the severe impairments of carcinoma of the right breast, status post lumpectomy and chemotherapy without evidence of metastases; atypical ductal hyperplasia of the left breast with calcifications, status post lumpectomy; osteoporosis; and obesity.  *Id.*  She has the residual functional capacity to perform light work as follows:  "She can lift, carry, push, and/or pull 20 pounds occasionally and 10 pounds frequently; stand and/or walk for no more than four hours in an eight-hour workday; and sit for about six hours in an eight-hour workday, with normal rest periods.  The claimant must never climb ladders, ramps, or stairs.  She should engage in no more than occasional overhead reaching and no more than frequent handling or fingering with her right upper extremity."  AR 28.

The ALJ found that Aranda is able to perform her past relevant work as a sewing machine operator as generally performed in the national economy but not as actually performed.  AR 31.

#### C.    Past Relevant Work

"At step four of the sequential analysis, the claimant has the burden to prove that he cannot perform his prior relevant work 'either as actually performed

3

or as generally performed in the national economy.'" *Carmickle*, 533 F.3d at 1166 (citation omitted).  "Although the burden of proof lies with the claimant at step four, the ALJ still has a duty to make the requisite factual findings to support his conclusion."  *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001).  The ALJ must make "specific findings as to the claimant's residual functional capacity, the physical and mental demands of the past relevant work, and the relation of the residual functional capacity to the past work."  *Id.* at 845; Social Security Ruling ("SSR") 82-62;[1] *see also* 20 C.F.R. §§ 404.1520(e), 416.920(e).

Aranda argues that she does not have the language ability to perform her past relevant work.  The DOT raises a rebuttable presumption as to job classification.  *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995).  The DOT lists Language Level 2 for the sewing machine operator job.  DOT 787.682-046.  The DOT describes Language Level 2 as follows:

> Reading:  Passive vocabulary of 5,000-6,000 words.  Read
> at rate of 190-215 words per minute.  Read adventure stories
> and comic books, looking up unfamiliar words in dictionary
> for meaning, spelling, and pronunciation.  Read instructions
> for assembling model cars and airplanes.  Writing:  Write
> compound and complex sentences, using cursive style,
> proper end punctuation, and employing adjectives and
> adverbs.  Speaking:  Speak clearly and distinctly with
> appropriate pauses and emphasis, correct punctuation,
> variations in word order, using present, perfect, and future
> tenses.

---

[1]  Social Security rulings do not have the force of law.  Nevertheless, they "constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations."  *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989).

1   Aranda testified that she completed third grade in Mexico and 40 hours of

2   English as a second language in this country.  AR 41-42.  She attended "some

3   classes" given by her employer.  *Id.*  She has a driver's license, and took the test

4   in Spanish.  AR 42-43.  She watches the news on television and reads "[s]tories

5   of church."  AR 43-44.

6   The vocational expert testified that he was present for Aranda's testimony

7   and was familiar with the vocational exhibits in the file.  AR 50.  The ALJ's

8   hypothetical to the vocational expert included Aranda's age, education and prior

9   work experience.[2]  AR 51.  The vocational expert testified that Aranda would be

10  able to perform her past relevant work as a sewing machine operator as generally

11  performed.  AR 50-52.

12  There appears to be an inconsistency between the vocational expert's

13  testimony and the DOT.  Aranda's third grade education would be considered

14  marginal.[3]  *See* 20 C.F.R. § 404.1564 ("Marginal education means ability in

15  reasoning, arithmetic, and language skills which are needed to do simple,

16  unskilled types of jobs.  We generally consider that formal schooling at a 6th

17  grade level or less is a marginal education.").  On the other hand, Aranda testified

18  to additional classes such as English as a second language.  However, the

19  vocational expert and the ALJ did not explain the deviation from the DOT.  AR 50.

20  The Commissioner argues that, at step four of the sequential analysis, the

21  Commissioner "will not consider your vocational factors or age, education, and

22  work experience or whether your past relevant work exists in significant numbers

23

24  [2]  The Commissioner argues that the ALJ did not make a factual finding as
25  to Aranda's language skills.  The ALJ did, however, include Aranda's education in
    his hypothetical to the vocational expert.  AR 51.

26  [3]  Aranda assumes that an inability to speak, read or write in English, as
27  opposed to Spanish, would affect her ability to perform the sewing machine
    operator job.  As the Ninth Circuit has acknowledged, however, the DOT "does
28  not specify that the applicant must be able to perform these functions in English."
    *Pinto*, 249 F.3d at 844 n.2.

1   in the national economy." 20 C.F.R. § 404.1560(b)(3).  The Commissioner
2   argues the regulation is consistent with the Social Security Act, which states that
3   "[a]n individual shall be determined to be under a disability only if his physical or
4   mental impairment or impairments are of such severity that he is not only unable
5   to do his previous work but cannot, considering his age, education, and work
6   experience, engage in any other kind of substantial gainful work which exists in
7   the national economy."  42 U.S.C. § 423(d)(2)(A).

8        As the Commissioner notes, the Ninth Circuit declined to reach the
9   question of whether language skills may be considered at step four of the
10  sequential analysis.  "It is unclear whether the ALJ should have considered
11  Pinto's language skills at all at step four, given that Pinto's difficulties with
12  language are independent of the disability upon which she bases her claim.  We
13  decline to reach the question of whether illiteracy may properly be considered at
14  step four of a disability determination."  *Pinto*, 249 F.3d at 846 n.5.  The Ninth
15  Circuit noted that the regulations "point in contradictory directions on this
16  question."  *Id.* (citing 20 C.F.R. §§ 404.1560(c), 404.1564(b)(5); SSR 82-61; SSR
17  96-8p).

18       More importantly here, the Ninth Circuit rejected the Commissioner's
19  argument that the ALJ should not have considered Pinto's language skills until
20  step five of the sequential analysis because "we cannot affirm the decision of an
21  agency on a ground that the agency did not invoke in making its decision."  *Id.* at
22  847.  "Because the ALJ *did* in fact refer to Pinto's limited language abilities at step
23  four, the Commissioner's argument on appeal that language abilities should *not*
24  be considered at step four strikes us as a new ground for the Commissioner's
25  decision.  We therefore refuse to reach this issue.  On remand, the ALJ should
26  clarify . . . how Pinto's language skills factor into the disability determination."  *Id.*
27  at 848 (emphasis in original).  As the court stated:  "We do not suggest that
28  applicants who are illiterate are entitled to a finding in step four of the disability

6

proceeding that they are disabled.  A claimant is not per se disabled if he or she is illiterate." *Id.* at 847.

Here, the ALJ's hypothetical to the vocational expert included Aranda's education.  AR 51; *Pinto*, 249 F.3d at 846 n.5 ("It is sufficient for our analysis that the ALJ clearly did take Pinto's illiteracy into account and presented it in his hypothetical to the vocational expert.  Whether this demonstrated a conflation of steps four and five of the disability determination process or an appropriate 'realistic' assessment of Pinto's residual functional capacity, the issue should be addressed upon remand.") (quoting SSR 82-61 ("Congress has . . . expressed the intent that disability determination be carried out in as realistic a manner as possible")).[4]  Therefore, the matter should be remanded for clarification as to how Aranda's language skills factor into her disability determination.  To be clear, this court makes no finding as to whether Aranda possesses the language skills to perform her past relevant work.

### D.  State Agency Opinion

Aranda cites the opinion of Dr. Ormsby, a state agency review physician, who noted "mild symptoms of numbness bilateral hands s/p chemotherapy.  Recommend avoid occupations that require intact sensation for safety."  AR 643; JS 20.  Aranda argues the ALJ erred in failing to include this limitation.  Aranda has not shown error.

The ALJ gave little weight to the state agency review physicians "due to the non-examining status of the consultants."  AR 30.  The ALJ gave greater weight to the treating sources.  *Id.*  The ALJ's reason is legitimate and supported by substantial evidence.  Dr. Lee, another state agency review physician, disagreed with Dr. Ormsby's manipulative limitations based on Aranda's treating records,

---

[4]  The Commissioner's citation to *Perez v. Astrue* is inapposite.  In *Perez*, unlike this case, the ALJ made a finding that Perez had a greater ability to communicate in English than she admitted.  247 Fed. Appx. 931, 934 (9th Cir. Sept. 10, 2007).  The court thus distinguished *Pinto*.  *Id.*

which indicated no abnormalities of the musculoskeletal system, normal sensation and normal motor function.  AR 648.  Dr. Laiken, also a state agency review physician, similarly found no manipulative limitations.  AR 652, 655.  The treating records do not mention numbness in the hands.  There is only one mention of bilateral hand tingling on December 1, 2009.  AR 541.  Subsequent treating records through November 2010 do not indicate numbness or tingling of the hands.  AR 555 (negative for weakness), 689 (negative for myalgias and weakness), 714 (negative for tingling and focal weakness, normal motor skills, reflexes and muscle tone), 732 (negative for myalgias).  In addition, prior treating records were negative for tingling, sensory change or focal weakness.  AR 512; AR 468 (negative for tingling and focal weakness), 476, 485-86, 494-95, 498.  It is the ALJ's responsibility to resolve conflicts in the medical evidence.  *Thomas v. Barnhart,* 278 F.3d 947, 956-57 (9th Cir. 2002).

Moreover, the state agency consultant determined that, for the sewing machine operator job, "[t]here are no tasks described per the DOT that requires the claimant to feel the size, shape, temperature or texture of an object by the fingertips."  AR 146; JS 20.  Aranda argues that "common sense tells us that the ability to feel when dealing with a sewing machine is rather critical."  JS 21.  Aranda's assumption is by no means obvious, would not be a proper subject of judicial notice, and is insufficient to show error.

## IV.

## ORDER

IT IS HEREBY ORDERED that the decision of the Commissioner is reversed and the matter is remanded for further proceedings consistent with this opinion.

8

1          IT IS FURTHER ORDERED that the Clerk serve copies of this Order and

2    the Judgment herein on all parties or their counsel.

3

4    DATED: February 22, 2013                _____

5                                       ALICIA G. ROSENBERG

6                               United States Magistrate Judge